# EXHIBIT 3

CAUSE NO. 493,868

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| DANIEL DROR | § | NUMBER THREE (3) |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## FAMILY SETTLEMENT AGREEMENT

This Family Settlement Agreement is concerning the Estate ("Estate") of Daniel Dror, Deceased ("Decedent"), the Dror Family Trust dated June 25, 2007 ("Family Trust"), Kemah Development, LLC ("Kemah LLC"), Kemah Development Texas, L.P. ("Kemah LP"), American International Industries, Inc. ("American Industries"), American International Texas Properties, Inc. ("American Properties"), and Kemah 518, Inc. ("Kemah 518"), Gabriela Dror, individually, as Co-Trustee of the Family Trust, and as Managing Member or Manager of Kemah LLC ("Gabriela"), Daniel Dror, II, individually and as Co-Trustee of the Family Trust ("Daniel II"), and David Alexander Dror ("David") (collectively referred to as the "Parties"), hereto agree that this dispute and all claims and controversies between them, that could be or have been asserted in this case against all Parties named herein are hereby settled in accordance with the following terms of this Family Settlement Agreement ("Agreement").

1. The Parties acknowledge that bona fide disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies, they desire to compromise and settle all claims and causes of action of any kind whatsoever which the Parties have or may have arising out of the transaction or occurrence which is the subject of this dispute. It is further understood and agreed that this is a compromise of a disputed claim, and nothing contained herein shall be construed as an admission of liability by any Party, all such liability being expressly denied.

2. Each signatory hereto warrants and represents:

    (a) he or she has authority to bind the Parties for whom that signatory acts.

    (b) the claims, suits, rights and/or interests which are the subject matter hereto are owned by the Party asserting same, have not been assigned, transferred or sold, and are free of any encumbrance, unless otherwise indicated.

3. The consideration to be given for this Agreement in full and final settlement is set out below and the Parties agree as follows:

    (a) [REDACTED]



(b) ███████████ The Parties acknowledge that the property located at 1412 North Blvd. belongs to Daniel Dror II, ███████████

(c) ███████████

(d) ███████████

(e) ███████████

(f) ███████████

(g) ███████████

(h) ███████████

(i)

(j)

*publicly traded*

(k)



███████████████████████████

(l) The Parties understand that David has just attained the age of majority and was not represented by an attorney throughout the mediation. Consequently, this Agreement shall not be binding until the earlier of the following two events occurs and the date on which the earlier of the following two events occurs shall be the Effective Date of this Agreement: 1) David's attorney signs off on this Agreement; or 2) forty-five (45) days elapses from the date this Agreement was signed and David has failed to retain counsel, in which case, his signature on this Agreement is valid and enforceable. In the event that David retains counsel and such counsel has not signed off on this Agreement within forty-five (45) days from the date of this Agreement, then this Agreement shall be null and void.

(m) 

(n)

4. Upon completion of the tasks set out in this Agreement, the Parties agree to a mutual release, discharge, and forever hold each other and their respective insurers harmless from any and all claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of this case. This mutual release runs to the benefit of all attorneys, agents, employees, officers, parent corporations, subsidiary corporations, directors, shareholders, partners, heirs, assigns, successors in interest, and legal representatives of the Parties hereto.

5. Within 10 days from the date hereof, counsel for both Parties shall deliver the documents to be executed in connection with this settlement to counsel for the other Parties hereto. The Parties and their counsel agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the provisions and spirit of this Agreement. **Notwithstanding such additional documents, the Parties confirm that this is a written settlement agreement as contemplated by Section 154.071 of the Texas Civil Practice and Remedies Code, is an irrevocable, complete, valid, and binding contract, and is intended to be an enforceable agreement as contemplated by Rule 11 of the Texas Rules of Civil Procedure, and either Party is entitled to a judgment on this Family Settlement Agreement and its terms.**

6. If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the Parties agree to attempt resolution by telephone conference with Christine Butts, the mediator who facilitated this settlement. Christine Butts agrees to mediatae all drafting disputes with regard to this Agreement. If the Parties cannot resolve their differences by telephone conference(s) with the mediator, then the Parties agree to schedule one day of mediation with her within thirty (30) days to resolve the dispute and to share the costs of same equally. The mediator cost is $400 per hour to be split equally by the Parties. If a Party refuses to mediate, then that party may not recover attorney's fees or costs in any litigation brought to construe or enforce this Agreement. If the Parties do mediate and do not resolve the dispute, the prevailing party in any litigation shall be entitled to recover reasonable attorney's fees and expenses, including the cost of that mediation.

7. This agreement is performable in Harris County, Texas and Galveston County, Texas and shall be construed in accordance with the laws of the State of Texas.

8. By signing this Agreement, each signatory agrees and acknowledges that: although the mediator has provided a basic outline of the agreement to the Parties and their counsel as a courtesy to facilitate the final resolution of this dispute, the Parties and their counsel have thoroughly reviewed it and have where necessary, modified it to conform to the requirements of their agreement; each signatory to the Agreement has entered into it freely and without duress after having consulted with attorneys of their choice; each Party has been advised by the mediator that the mediator is not the attorney for any Party and that each Party should have this Agreement reviewed by that Party's attorney prior to executing it; each signatory agrees to release, indemnify and hold the mediator harmless from any and all claims, demands, or suits arising directly or indirectly from the drafting of this settlement agreement.

9. Party's Attorney's Fees and Expenses. Each Party hereby agrees to be responsible for his or her own respective attorney's fees, costs, and expenses through the date of this Agreement, including their respective attorney's fees, costs, and expenses necessary and/or incurred in the effectuation of this Agreement.

10. Each Party confirms and agrees that such Party (i) has relied on his or her own judgment and has not been induced to sign or execute this Agreement by promises, agreements or representations not expressly stated herein, (ii) has freely and willingly executed this Agreement and hereby expressly disclaims reliance on any fact, promise, undertaking or representation made by the other Party, save and except for the express agreements and representations contained in this Agreement, (iii) was not in a significantly disparate bargaining position with the other Party, and (iv) has been represented by legal counsel in this matter.

11. Each Party understands that they have not been advised as to the income tax or transfer tax consequences associated with the Agreement and each Party will be responsible for any income or transfer taxes associated with the transfers described in this Agreement. In addition, if any *ad valorem* taxes are due with respect to any real property described in this

Agreement, such taxes run with the land. Importantly, since the Parties are distributing the assets of the Estate and Family Trust to the trustees of the sub-trusts, in the event transfer taxes (ie. estate or gift taxes) are due, then the Parties agree to pay such transfer taxes in proportion to which the assets they (or the sub-trust for their benefit) received generated such transfer tax liability.

12. Entire Agreement. The provisions of this Agreement constitute the entire Agreement between the Parties, and supersede all previous negotiations and documents. No oral modification shall be binding upon either Party. The terms hereof are contractual in nature and are not mere recitals, and shall be binding upon the heirs, spouses, descendants, executors, administrators, successors, representatives, and assigns of the Parties hereto, upon complete execution by the Parties.

SIGNED THIS 3rd day of January, 2023.

_____
Gabriela Dror, individually, as Co-Trustee of
the Family Trust, and as Managing Member
or Manager of Kemah LLC

_____
Daniel Dror, II, individually and as Co-Trustee
of the Family Trust

_____
David Alexander Dror, but subject to his attorney's review
and signature per terms of Agreement


_____
Attorney for David Alexander Dror signed the ____ day
of _____, 2023.

Agreement, such taxes run with the land. Importantly, since the Parties are distributing the assets of the Estate and Family Trust to the trustees of the sub-trusts, in the event transfer taxes (ie. estate or gift taxes) are due, then the Parties agree to pay such transfer taxes in proportion to which the assets they (or the sub-trust for their benefit) received generated such transfer tax liability.

12. Entire Agreement. The provisions of this Agreement constitute the entire Agreement between the Parties, and supersede all previous negotiations and documents. No oral modification shall be binding upon either Party. The terms hereof are contractual in nature and are not mere recitals, and shall be binding upon the heirs, spouses, descendants, executors, administrators, successors, representatives, and assigns of the Parties hereto, upon complete execution by the Parties.

SIGNED THIS 3rd day of January, 2023.

_____
Gabriela Dror, individually, as Co-Trustee of the Family Trust, and as Managing Member or Manager of Kemah LLC

_____
Daniel Dror, II, individually and as Co-Trustee of the Family Trust

_____
David Alexander Dror, but subject to his attorney's review and signature per terms of Agreement

_____
Attorney for David Alexander Dror signed the __3__ day of _February_, 2023.

CAUSE NO. 493868

| ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| DANIEL DROR, | § | NUMBER 3 OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

CAUSE NO. 493868-401

| KEMAH DEVELOPMENT, LLC | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| V., | § | |
| | § | |
| DANIEL DROR, II AND GABRIELA | § | NUMBER 3 OF |
| DROR, AS INDEPENDENT EXECUTOR | § | |
| OF THE ESTATE OF DANIEL DROR, | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## RULE 11 AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

DANIEL DROR, II, GABRIELA DROR, KEMAH DEVELOPMENT, LLC and KEMAH DEVELOPMENT TEXAS, LP, and DAVID A. DROR (the "Parties"), by and through their attorneys of record, agree to the following in accordance with Rule 11 of the Texas Rules of Civil Procedure:

The Parties jointly agree that the Family Settlement Agreement signed on January 3, 2023, a true and correct copy of which is attached to this Rule 11 Agreement as Exhibit 1, is modified as follows:



David A. Dror's counsel, Richard Sympson further agrees that on or before February 3, 2023, he will sign the Family Settlement Agreement in the space provided for his signature affirming his approval of the Family Settlement Agreement, as modified by this Rule 11 Agreement.

1

All other provisions and terms of the Family Settlement Agreement remain in place, are not changed in any way, and are fully enforceable.

Respectfully submitted,

---

Gary M. Polland
State Bar No. 16095800
1533 W. Alabama Street
Houston, Texas 77006
Phone: 713-621-6335
Fax: 713-622-6334
Email: pollandlaw@yahoo.com
**ATTORNEY FOR KEMAH DEVELOPMENT, LLC AND KEMAH DEVELOPMENT TEXAS, LP**

*/s/ Byron K. Barclay*
Byron K. Barclay
The Barclay Law Firm
State Bar No. 01720350
705 Chelsea Boulevard
Houston, Texas 77006
Phone: 713-224-2334
Fax: 713-758-0253
Email: bkbarclay@lawyer.com
**ATTORNEY FOR GABRIELA DROR**

Michael C. Falick
Rothfelder & Falick, L.L.P.
State Bar No. 06794600
1201 Louisiana, Suite 550
Houston, Texas 77002
Phone: 713-220-2288
Fax: 713-658-8211
Email: mfalick@rothfelderfalick.com
**ATTORNEY FOR DANIEL DROR, II**

Richard E. Sympson
State Bar No.
1111 North Loop West, Suite 1115
Houston, Texas 77008
Phone: (713) 681-3159
Fax: (713) 683-8005
Email: resympson1@gmail.com
**ATTORNEY FOR DAVID A. DROR**

All other provisions and terms of the Family Settlement Agreement remain in place, are not changed in any way, and are fully enforceable.

Respectfully submitted,

| | |
|---|---|
| *[signature]* | |
| Gary M. Polland | Byron K. Barclay |
| State Bar No. 16095800 | The Barclay Law Firm |
| 1533 W. Alabama Street | State Bar No. 01720350 |
| Houston, Texas 77006 | 705 Chelsea Boulevard |
| Phone: 713-621-6335 | Houston, Texas 77006 |
| Fax: 713-622-6334 | Phone: 713-224-2334 |
| Email: pollandlaw@yahoo.com | Fax: 713-758-0253 |
| **ATTORNEY FOR KEMAH DEVELOPMENT, LLC AND KEMAH DEVELOPMENT TEXAS, LP** | Email: bkbarclay@lawyer.com |
| | **ATTORNEY FOR GABRIELLA DROR** |
| | |
| Michael C. Falick | Richard E. Sympson |
| Rothfelder & Falick, L.L.P. | State Bar No. |
| State Bar No. 06794600 | 1111 North Loop West, Suite 1115 |
| 1201 Louisiana, Suite 550 | Houston, Texas 77008 |
| Houston, Texas 77002 | Phone: (713) 681-3159 |
| Phone: 713-220-2288 | Fax: (713) 683-8005 |
| Fax: 713-658-8211 | Email: resympson1@gmail.com |
| Email: mfalick@rothfelderfalick.com | **ATTORNEY FOR DAVID A. DROR** |
| **ATTORNEY FOR DANIEL DROR, II** | |

2

All other provisions and terms of the Family Settlement Agreement remain in place, are not changed in any way, and are fully enforceable.

Respectfully submitted,

---

Gary M. Polland
State Bar No. 16095800
1533 W. Alabama Street
Houston, Texas 77006
Phone:713-621-6335
Fax:713-622-6334
Email: pollandlaw@yahoo.com
**ATTORNEY FOR KEMAH DEVELOPMENT, LLC AND KEMAH DEVELOPMENT TEXAS, LP**

---

Byron K. Barclay
The Barclay Law Firm
State Bar No. 01720350
705 Chelsea Boulevard
Houston, Texas 77006
Phone: 713-224-2334
Fax: 713-758-0253
Email: bkbarclay@lawyer.com
**ATTORNEY FOR GABRIELA DROR**

---

Michael C. Falick
Rothfelder & Falick, L.L.P.
State Bar No. 06794600
1201 Louisiana, Suite 550
Houston, Texas 77002
Phone: 713-220-2288
Fax: 713-658-8211
Email: mfalick@rothfelderfalick.com
**ATTORNEY FOR DANIEL DROR, II**

---

Richard E. Sympson
State Bar No.
1111 North Loop West, Suite 1115
Houston, Texas 77008
Phone: (713) 681-3159
Fax: (713) 683-8005
Email: resympson1@gmail.com
**ATTORNEY FOR DAVID A. DROR**

All other provisions and terms of the Family Settlement Agreement remain in place, are not changed in any way, and are fully enforceable.

Respectfully submitted,

| | |
|---|---|
| Gary M. Polland<br>State Bar No. 16095800<br>1533 W. Alabama Street<br>Houston, Texas 77006<br>Phone:713-621-6335<br>Fax:713-622-6334<br>Email: pollandlaw@yahoo.com<br>**ATTORNEY FOR KEMAH DEVELOPMENT, LLC AND KEMAH DEVELOPMENT TEXAS, LP** | Byron K. Barclay<br>The Barclay Law Firm<br>State Bar No. 01720350<br>705 Chelsea Boulevard<br>Houston, Texas 77006<br>Phone: 713-224-2334<br>Fax: 713-758-0253<br>Email: bkbarclay@lawyer.com<br>**ATTORNEY FOR GABRIELA DROR** |
| Michael C. Falick<br>Rothfelder & Falick, L.L.P.<br>State Bar No. 06794600<br>1201 Louisiana, Suite 550<br>Houston, Texas 77002<br>Phone: 713-220-2288<br>Fax: 713-658-8211<br>Email: mfalick@rothfelderfalick.com<br>**ATTORNEY FOR DANIEL DROR, II** | Richard E. Sympson<br>State Bar No.<br>1111 North Loop West, Suite 1115<br>Houston, Texas 77008<br>Phone: (713) 681-3159<br>Fax: (713) 683-8005<br>Email: resympson1@gmail.com<br>**ATTORNEY FOR DAVID A. DROR** |