# EXHIBIT 4F

20130410470
08/13/2013 RP2 $48.00

Page 1 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

## DEED OF TRUST TO SECURE OBLIGATIONS UNDER AGREEMENT

**Date:** July 1, 2013

**Grantor:** Daniel Dror, Sr., also known as Danny Dror, and his wife, Gabriela Krkoskova Dror
1412 North Blvd.
Houston, Texas 77006
Harris County, Texas

**Grantor's Mailing Address (including county):**

1412 North Blvd.
Houston, Texas 77006
Harris County, Texas

**Trustee:** Lee S. Gill

**Trustee's Mailing Address (including county):**

6363 Woodway Drive, Suite 1100
Houston, Texas 77057
Harris County, Texas

**Beneficiary:**

Daniel Dror II

**Beneficiary's Mailing Address (including county):**

2121 Kirby Drive, Apt. 18NE
Houston, Texas 77019
Harris County, Texas

**Note:** For purposes of this Deed of Trust, the term "Note" shall mean Grantors' obligations under that certain agreement between Grantor and Beneficiary dated July 1, 2013 (the "Agreement"), including but not limited to the obligation to pay all indebtedness as scheduled, pay all taxes on or before due date, keep the Property insured as required by any deed of trust or loan agreement, and to provide to Beneficiary supporting documentation of all of the foregoing, as provided therein. In the event of any conflict, the terms and provisions of the Agreement control over this Deed of Trust.



Page 2 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

**Property (including any improvements):**

Grantor Danny Dror's life estate in Lot Ten (10), of Broadacres, a subdivision in the City of Houston, Harris County, Texas, according to the map or plat thereof recorded in Volume 526, Page 497, of the Deed Records of Harris County, Texas, and being the same tract described in Deed dated January 31, 1923, from Guardian Trust Company to Alice Baker Jones, recorded in Volume 525, Page 537, of the Deed Records of Harris County, Texas, and all improvements thereon, which property is known locally as 1412 North Boulevard, Houston, Texas, in addition to the above Lot Ten (10), an undivided 1/25th interest in Broadacres Park, which park is owned and held by the owners of the residential property in Broadacres Subdivision. The Property includes all artwork, antiques, collectibles, furnishings, equipment, appliances and fixtures located therein.

**Prior Lien(s) (including recording information):**

Any of record to Trustmark Bank and/or Boulevard Properties Corporation, represented by Grantor not to exceed $2.3 million.

**Other Exceptions to Conveyance and Warranty:**

Any and all restrictions, restrictive covenants, rights-of-way, of record.

For value received and to secure payment of the Note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the Note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**GRANTOR'S OBLIGATIONS**

Grantor agrees to:

1. keep the property in good repair and condition;

2. pay all taxes and assessments on the property when due;

3. preserve the lien's priority as it is established in this deed of trust;

4. maintain, in a form acceptable to Beneficiary, adequate hazard and liability insurance protecting Beneficiary with a standard clause and flood insurance if required by federal regulations.

5. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at



least ten days before expiration;

6. keep any buildings occupied as required by the insurance policy;

7. if this is not a first lien, pay all prior lien notes and abide by all prior lien instruments.

8. comply with the Agreement.

**BENEFICIARY'S RIGHTS**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the Note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.

3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the Note or any indebtedness secured by any lien with priority over this Deed of Trust, or to repair or replace damaged or destroyed improvements covered by the policy.

4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the Note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.

5. If Grantor defaults on the Note or fails to perform any of Grantor's obligations or if default occurs on a prior lien Note or other instrument, Beneficiary may:

   a. declare the unpaid principal balance and earned interest on the Note immediately due;

   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended;

   c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note; and

   d. exercise any of Beneficiary's rights under the Agreement, in conjunction with or in addition to the rights herein granted.



Page 3 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas



6. If Beneficiary does not exercise or enforce any rights of Beneficiary under the Note, this deed of trust or under the law, Beneficiary will still have all those rights and may exercise and enforce them in the future. Even if Beneficiary obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Beneficiary will still have the right to demand that Grantor make immediate payment in full of the amount that Grantor owes to Beneficiary under the Note and under this deed of trust.

7. Each of Beneficiary's rights under this deed of trust is separate, and Beneficiary may enforce and exercise one or more of these rights, as well as any of Beneficiary's other rights under the law, or under the Agreement, one at a time or all at once.

**TRUSTEE'S DUTIES**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3. from the proceeds of the sale, pay in this order:

   a. expenses of the foreclosure, including a commission to Trustee of 5% of the bid;

   b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

   c. any amounts required by law to be paid before payment to Grantor; and

   d. to Grantor, any balance.

**GENERAL PROVISIONS**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any Trustee's deed conveying the property will be presumed to be true.

Page 4 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

Page 5 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the property is released.

5. If any portion of the Note cannot be lawfully secured by this deed of trust, payment shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the Note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may, as Beneficiary's licensee, collect rent and other income and receipts as long as Grantor is not in default under the Note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the Note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the Note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall



Page 6 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debtor or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns includes the plural.

10. The term "Note" includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term "Grantor" shall include Maker.

13. Should Beneficiary elect to accelerate the maturity of the Note secured hereby, Grantor expressly waives notice of intent to accelerate and notice of acceleration.

14. IF ALL OR ANY PART OF THE REAL PROPERTY AND IMPROVEMENTS DESCRIBED HEREIN ARE SOLD, TRANSFERRED OR CONVEYED, THEN THE ENTIRETY OF THE INDEBTEDNESS DESCRIBED HEREIN SHALL BE DECLARED IMMEDIATELY DUE AND PAYABLE IN FULL.

15. The lien described herein shall secure not only the indebtedness described herein, but also any and all renewals, extensions, modifications and rearrangements thereof as well as any indebtedness of any nature now owing or hereafter to become owing to Beneficiary or its successors or assigns by Grantor, whether such indebtedness is direct, contingent, primary, or secondary and whether it is evidenced by Note or otherwise.

16. Grantor further covenants and agrees that Grantor has not entered into any transaction nor has Grantor contemplated entering into any transaction which would or could jeopardize the status of the lien created by this deed of trust as a first and prior lien on the property described above, nor will Grantor permit any second or junior lien on the subject property to be recorded prior to the lien made the subject of this deed of trust.

17. Should Grantor (i) default in the payment of the Note or any other indebtedness or notes referred to herein or default in the payment of any other obligation to Beneficiary undertaken or guaranteed by Grantor or any renewals or extensions thereof, or (ii) default under any deed of trust or other instrument securing any such indebtedness or notes, or any renewals or extensions thereof, the indebtedness hereby secured, at the option of Beneficiary, shall become immediately due and payable in full, and Beneficiary may resort to any remedy provided hereunder. In addition, any default in the payment of the Note hereby secured or any default in the performance of any obligation under this deed of

Page 7 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

trust or any other instrument evidencing, securing or guaranteeing the indebtedness secured hereby, at the option of Beneficiary, shall be deemed to be a default under such other indebtedness or notes and the instruments evidencing, securing or guaranteeing same, and Beneficiary may, at its option, then declare such other indebtedness immediately due and payable in full and may resort to any remedy provided in such other instruments. The intention of this Section is to create a "cross-default" provision such that default under either the Note secured hereby or any other such indebtedness or notes referenced herein, shall, at Beneficiary's option, be a default under the other.

18. It is expressly agreed by Grantor that to the extent Section 51.003 of the Texas Property Code, or any amendment thereto, requires that the "fair market value" of the Property shall be determined as of the foreclosure date in order to enforce a deficiency against Grantor or any other party liable for repayment of the Note, the term "fair market value" shall include those matters required by law and shall also include the additional factors set forth below:

   a. The Property is to be valued "AS IS" and "WITH ALL FAULTS" and there shall be no assumption of restoration of or refurbishment of improvements, if any, after the date of the foreclosure;

   b. There shall be an assumption of a prompt resale of the Property for an all cash sales price by the purchaser at the foreclosure sale so that no extensive holding period should be factored into the determination of "fair market value" of the Property;

   c. An offset to the fair market value of the Property, as determined hereunder, shall be made by deducting from such value the reasonable estimated closing costs relating to the sale of the Property, including but not limited to brokerage commissions, title policy expenses, tax prorations, escrow fees, and other common charges which are incurred by a seller of property; and

   d. After consideration of the factors required by law and those required above, an additional discount factor shall be calculated based upon the estimated time it will take to effectuate a sale of the Property so that the "fair market value" as so determined is discounted to be as of the date of the foreclosure sale of the Property.

19. Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Grantor shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal commercial or residential uses and to maintenance of the Property.



Page 8 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

Grantor shall promptly give Beneficiary written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Grantor has actual knowledge. If Grantor learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Grantor shall promptly take all necessary remedial actions in accordance with Environmental Law.

Grantor hereby agrees to indemnify and hold Beneficiary harmless from all loss, costs, damage, claim and expense incurred by Beneficiary on the account of Grantor's failure or the Property's failure to fully comply with all Environmental Law or any other matter related to environmental conditions on, under or affecting the Property. This indemnification shall survive closing of the loan evidenced by the Note, payment of the Note, the exercise of any right or remedy under this deed of trust, any subsequent transfer or sale of the Property, and all similar or related events or occurrences.

As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws, rules and regulations and laws, rules and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

20. Grantor's obligations under this deed of trust are binding upon him, upon his heirs and legal representatives in the event of his death and upon anyone who obtains Grantor's rights in the Property.

EXECUTED as of the date above written.

GRANTOR:

Daniel Dror, Sr., aka
Danny Dror

Gabriela Krkoskova Dror



STATE OF TEXAS
COUNTY OF Harris

The foregoing instrument was acknowledged on July 16, 2013, by Daniel Dror, Sr. aka Danny Dror.

NOTARY PUBLIC in and for the
State of Texas

STATE OF TEXAS
COUNTY OF Harris

The foregoing instrument was acknowledged on July 16, 2013, by Gabriela Krkoskova Dror.

NOTARY PUBLIC in and for the
State of Texas

AFTER RECORDING RETURN TO:

Lee S. Gill
Jones Gill LLP
6363 Woodway, Suite 1100
Houston, Texas 77057

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

Page 9 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas



Page 10 of 10 Saturday, July 23, 2022 County Clerk Harris County, Texas

RP 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

FILED FOR RECORD
8:00 AM

AUG 13 2013

Stan Stanart
County Clerk, Harris County, Texas

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas

AUG 13 2013

Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS





**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This July 23, 2022**

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.**

